IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,670-01




EX PARTE MATTHEW STEBBINS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10-CR-4330-H IN THE 347TH DISTRICT COURT
FROM NUECES COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty-three years’ imprisonment. The Thirteenth Court of Appeals dismissed his
appeal. Stebbins v. State, No. 13-12-00476-CR (Tex. App.—Corpus Christi–Edinburg 2012, no
pet.).
            Applicant contends that after the trial court declared a mistrial, counsel coerced him into
pleading guilty. The trial court made findings of fact and conclusions of law and recommended that
we deny relief. We believe that the record should be further developed. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim. Counsel shall describe his advice to
Applicant after the mistrial; state whether he advised Applicant to plead guilty; and state whether
he believes Applicant’s guilty plea was voluntary. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing counsel’s response, the trial court shall make further findings of fact and
conclusions of law as to whether counsel’s conduct rendered Applicant’s plea involuntary and
whether Applicant would have insisted on a trial but for counsel’s conduct. The trial court shall also
direct the District Clerk to forward a copy of the reporter’s record of the plea hearing, if available,
to this Court. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: July 24, 2013
Do not publish